[No. 20479.   Department Two.   August 9, 1927.]

THE CITY OF SEATTLE, *Respondent*, v. A. F. COTTIN,
*Appellant.*[1]

[1] HEALTH    (6) — MUNICIPAL    CORPORATIONS    (313) — CONTAGIOUS
    DISEASES—REGULATIONS—VIOLATION.  A conviction of a drugless
    healer, who had been exposed to smallpox and had not been
    vaccinated for fifteen years, of breaking quarantine in violation
    of a city ordinance, exempting "physicians," is sustained, where
    such exemption in the ordinance must yield, under state law,
    to the general regulation of the state board of health which
    exempts from quarantine in such a case exposed immunized
    persons only if successfully vaccinated within seven years
    (TOLMAN, J., dissenting).

Appeal from a judgment of the superior court for
King county, Paul, J., entered October 14, 1926, upon
a trial and conviction of violation of a health ordi-
nance. Affirmed.

*Farrell, Meier & Meagher,* and *Charles D. Donnelly,*
for appellant.

*Thomas J. L. Kennedy* and *Hugh R. Fullerton,* for
respondent.

HOLCOMB, J.—Appellant was convicted and fined $25
in the lower court, after an appeal from a judgment
against him in the police court of Seattle, where he
was fined $100, for an alleged violation of section 14 of
ordinance No. 15957, of Seattle.  The complaint against
him reads:

"James F. McGee, being first duly sworn, says:
That on the 10th day of July, 1925, at the city of Seat-
tle, in said King county, Washington, the said defend-
ant did commit a misdemeanor, did violate section 14
of ORDINANCE 15957, as follows, to-wit:

[1]Reported in 258 Pac. 520.

"Then and there being the said defendant did wilfully and unlawfully refuse to remain in quarantine as ordered so to do by the chief quarantine officer of the city of Seattle, Washington; all of which is contrary to ORDINANCE No. 15957, Sections 14 and 53 of the city of Seattle, entitled:

"'AN ORDINANCE providing for the preservation and protection of the public health in the city of Seattle, and providing penalties for the violation thereof,' approved May 10, 1907, and against the public health, welfare and good order of the city of Seattle."

The facts are not in dispute. Appellant admits that he refused to remain in quarantine as ordered by the chief quarantine officer of Seattle, but contends that in so doing he was not committing any unlawful act under the provisions of the ordinance.

The sections of the ordinance affecting the matter (except section 53, the penalty section) are as follows:

"Section 6 as amended by Ordinance No. 37928, approved November 21, 1917. PEST HOUSE; QUARANTINE: —Whenever it shall come to the knowledge of the commissioner of health of the city of Seattle, that any adult therein has chickenpox, or any person therein has smallpox, varioloid, syphilis, gonorrhoea, or any other contagious, or infectious disease of a similar, or different kind from that herein specified, or any disease, or sickness dangerous to the public health, said commissioner is hereby authorized and empowered, and it shall be his duty to forthwith, whenever in his judgment it is safe, expedient, and practicable, cause such infected person to be removed to and kept in a hospital, sanitarium, a separate house, or such place as may be designated by the commissioner of health, or as may be by law or ordinance provided therefor, and cause said person to be properly treated and cared for, and to make such other rules and regulations as may be necessary or advisable for the protection of the public health, and in case, in the judgment of said commissioner of health, it is unsafe, inexpedient or impracticable to remove such person to such hospital,

sanitarium, separate house, or such place as has been designated by the commissioner of health, or as may be by law or ordinance provided therefor, it shall be his duty to forthwith establish and enforce such quarantine or other regulations as are necessary for the protection of the public from such disease.''

"Sec. 8. Visiting Persons Sick With Contagious Disease: It shall be unlawful for any person to visit a person sick with typhus fever, ship or yellow fever, Asiatic cholera, smallpox, diphtheria or membraneous croup, measles, scarlet fever, or scarlatina, or bubonic plague, or an adult sick with chickenpox, and afterwards appear upon the streets, alleys or other public places in the city of Seattle, or go into any house, building or other place in said city where they would be likely to aid in spreading said disease, until they shall procure from the health officer of the city of Seattle a certificate that they are free from danger of communicating the disease to which they have been exposed; Provided, however, that this section shall not apply to physicians, quarantine inspectors or the health officer when in the exercise of their duties as such physician or officers.''

"Sec. 14. Refusal to Obey or Interference With Health Officers: It shall be unlawful for any person to violate or refuse to obey any lawful order or regulation of the board of health, the health officer or any quarantine officer made within the powers conferred by the charter or ordinances of the city of Seattle upon the officer making such order, or to in any manner obstruct or interfere with the board of health, health officer or any appointee of the board of health in the performance of duties imposed by the charter or ordinances of the city of Seattle.''

The facts admitted are that, on or about July 10, 1925, appellant, a drugless healer, having a certificate to practice his pursuit, issued to him August 18, 1919, as a practitioner of mechano-therapy, in his professional capacity visited a person in Seattle infected with smallpox. This fact became known to McGee,

chief quarantine officer of the city, who requested appellant to submit to vaccination or go into quarantine. Appellant, at first, agreed to go into quarantine, but afterwards refused to remain in quarantine, left Seattle for a time, going to Portland, and after remaining away about eighteen days returned and was arrested, upon complaint and warrant.

It was also admitted in the court below that, at the time of being exposed to smallpox, as alleged in the complaint, appellant had not been vaccinated for a period of fifteen or twenty years and had had no previous infection from smallpox.

Upon the decision of the trial court that, upon the facts shown in the case, appellant was guilty of the charge, appellant moved for an arrest of judgment and moved for a new trial, both of which were denied. The foregoing adverse rulings and entering judgment against appellant are the only errors assigned.

It will be recalled that section 8 of the ordinance excepts physicians, quarantine inspectors or the health officer, when in the exercise of their duties as such.

A regulation of the state board of health (subd. (e), § 25, Rules and Regulations of State Board of Health) was stipulated in the record below, adopted July 27, 1921, which provides:

"(e) Persons not living on the premises who are susceptible (not vaccinated nor having had previous infection), and who have been exposed, shall be isolated or kept under the observation of the health officer or physician for a period of eighteen days. Exposed immunized persons are exempt from isolation, if successfully vaccinated within seven years, or if they have had the disease. Submission to vaccination exempts the individual from isolation."

Appellant contends that, having been legally qualified to practice a certain system of healing, under cer-

tain statutes relating thereto, he is entitled to be included within the class known as physicians and within the exception under section 8 of the ordinance. Much learned and able discussion is advanced and many decisions cited to sustain the contention that he is, and entitled to be called, a physician. We are not disposed and do not find it necessary to enter into that field of discussion.

[1] There is no doubt, and it is not denied, that the city had the power to enact the ordinance here in question and had the power to create health and quarantine officers, as it has done, by the charter and ordinance provisions. Both the city and the state board of health, which is given very comprehensive powers by our state statutes (Rem. Comp. Stat., § 6001), have made rules and regulations for the quarantine of persons liable to infection from smallpox, if not vaccinated within seven years, or if not previously immunized by infection from the disease. This very ordinance, No. 15957, and an amendatory ordinance, No. 37928, have been before us and were upheld as valid. *State ex rel. McBride v. Superior Court,* 103 Wash. 409, 174 Pac. 973. Another ordinance, No. 32444, was also considered in connection therewith, and the powers of city and state to order the quarantine of persons suspected of infection with contagious diseases upheld.

[2] In so far as the ordinance of Seattle exempts physicians of any kind or school, it must yield to the superior authority of the state board of health which has adopted the rule, subd. (e), § 25, above quoted. Under those provisions, no one is exempted except exposed immunized persons, those who have been successfully vaccinated within seven years, or those who submit to vaccination—under none of which classes can appellant claim exemption.

We consider further discussion of the questions raised in this case unnecessary.

The judgment is affirmed.

MACKINTOSH, C. J., FRENCH, and PARKER, JJ., concur.

TOLMAN, J. (dissenting)—This is a prosecution under the city ordinance, not under the state law. While a city ordinance may not go beyond the state law and make unlawful that which the legislature has not made so, yet it may extend only to certain things and leave uncovered other things which the state law forbids. Therefore, the question here is, did the appellant violate the city ordinance?

The majority wisely refrains from saying that one permitted by state law to treat disease may be forbidden to do so by city ordinance; and, in my judgment, no such holding could be justified. I therefore dissent.